A. ESCUDERO, demandante y apelante, v. ELMER G. PORTER, demandado y apelado.

No. 6263.—*Sometido:* Mayo 9, 1934. *Resuelto:* Mayo 31, 1934.

*A. Agosto,* abogado del apelante; *F. Fernández Cuyar,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El demandante, en acción de daños y perjuicios provenientes de un supuesto incumplimiento de contrato, apela de una sentencia adversa y alega lo siguiente:

"Primer error: La corte apelada cometió error al resolver que por el hecho de haber el demandante Escudero comprado las habichuelas en cuestión, después de haber el demandado Porter quebrantado el contrato, pagando el precio en la forma exigida por dicho demandado Porter, renunció (*waived*) al derecho que tenía de poder reclamar daños y perjuicios del vendedor por incumplimiento del contrato primitivo.

"Segundo error: La corte cometió error al resolver que este demandante no tiene derecho a reclamar del demandado Porter la partida de los gastos de cablegramas alegados en la demanda, gastos ocasionados en este caso por culpa del demandado.

"Tercer error: La corte apelada cometió error al resolver que este demandante no tiene derecho a reclamar del demandado, que le reembolse de la cantidad que pagó por almacenaje de dicha mercancía, durante el tiempo que ésta estuvo depositada en el muelle de esta ciudad.

"Cuarto error: También la corte apelada cometió error al resolver que esta parte no tenía derecho a reclamar del demandado, cantidad alguna por concepto de defectos en el peso de los sacos de habichuelas en cuestión.

"Quinto error: Que la parte (*sic*) apelada cometió error al resolver este caso imponiéndole las costas al demandado (*sic*).

"Sexto error: Que la corte apelada cometió error al dictar sentencia en este caso desestimando totalmente la demanda."

No es necesario que copiemos la correspondencia que culminó en una aceptación final por parte del demandante del embarque en condiciones que él aceptó a fin de obtener posesión de las habichuelas. Convenimos con la corte de distrito en su conclusión de que el demandante, al aceptar la entrega en los términos y condiciones especificados por Porter, re-

nunció a cualquier reclamación por daños y perjuicios que él hubiese tenido con motivo de la diferencia existente entre tales términos y condiciones y los discutidos originalmente.

■ Los dos últimos cablegramas cruzados entre el demandante y Porter leen como sigue:

"Transigiré controversia pendiente pagando $3,800 en efectivo. Cablegrafíe su aceptación y cablegrafíe al banco en ésta entregue documentos al recibir pago. Escudero."

"Ordenaremos al banco entregue documentos siempre que se pague giro original, según pactado; de lo contrario no haremos más negocios. Porter."

El demandante entonces pagó la suma de $3,920 y tomó posesión de las habichuelas. Esta transacción de "la controversia pendiente" era lo bastante amplia para incluir el costo de los cablegramas a que se hace referencia en el segundo señalamiento, aunque se admitiera que este elemento de daños y perjuicios no hubiese sido incluído en ningún caso en la renuncia por aceptación de la entrega y aunque se admitiera que el juez de distrito cometió error, según alega ahora el apelante, al resolver que la partida relativa al costo de los cablegramas fué una cuestión de *injuria non fit volenti*.

Lo mismo puede decirse respecto a los gastos de almacenaje mencionados en el tercer señalamiento.

El juez de distrito resolvió que la acción del demandante había prescrito, toda vez que había dejado de presentar su reclamación dentro del término especificado en el Código de Comercio. El apelante basa su cuarto señalamiento en la aseveración de que "dada la conducta del demandado", la falta de peso en el presente caso cae dentro de las disposiciones del artículo 333 del Código de Comercio, más bien que dentro de las del 336. El artículo 333 lee como sigue:

"Los daños y menoscabos que sobrevinieren a las mercaderías, perfecto el contrato y teniendo el vendedor los efectos a disposición del comprador en el lugar y tiempo convenidos, serán de cuenta del comprador, excepto en los casos de dolo o negligencia del vendedor."

En ausencia de algo mayor que una vaga referencia a la conducta del demandado, la contención no requiere seria consideración.

No hallamos abuso de discreción, en la concesión de costas.

El apelante no discute separadamente el sexto señalamiento, sino que lo somete simplemente haciendo referencia a la argumentación aducida para el primer señalamiento. Así pues, cuanto hemos dicho al resolver el primer señalamiento, también resuelve el sexto.

*La sentencia apelada debe ser confirmada.*